UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00205-MR

CHRISTOPHER LEE MICHELSON,  )
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )   ORDER
GILL P. BECK, et al,        )
                            )
            Defendants.     )
_____)

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e) [Doc. 1], Plaintiff's motion for appointment of counsel [Doc. 6], Plaintiff's "Motion to Transfer Case to Another District" [Doc. 7], and Plaintiff's "Motion to Instruct the Jail to Provide the Plaintiff with Copy Services for his Civil Litigation to All His Law Suits" [Doc. 9]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 11].

**I.     BACKGROUND**

Pro se Plaintiff Christopher Lee Michelson ("Plaintiff") is a pre-trial detainee at the Buncombe County Detention Facility ("Detention Facility") in Buncombe County, North Carolina. To understand the allegations of Plaintiff's instant Complaint, the Court first reviews a previous action filed by Plaintiff with this Court. On February 16, 2017, Plaintiff filed a Complaint

pursuant to 42 U.S.C. § 1983, naming as Defendants Van Duncan, identified as the Buncombe County Sheriff; Stephen Coon, identified as a Detective with the Asheville Police Department (APD); Mark S. Gage, identified an ATF Special Agent; Ron Moore, identified as the Buncombe County District Attorney; and Roger Theodore Smith, identified as an attorney. [Civil Case No. 1:17-cv-00050-MR, Doc. 1 at 3-4].

On its frivolity review pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's Complaint without prejudice for failure to state a claim. [Id., Doc. 3]. Plaintiff moved to reconsider that Order and appealed it to the Fourth Circuit Court of Appeals. [Id., Docs. 6, 8]. The Court denied Plaintiff's motion to reconsider, but the Court allowed Plaintiff to file "his motion for leave to amend along with a proposed amended complaint." [Id., Doc. 12]. The Court specifically advised Plaintiff as follows:

> [I]n order to amend his complaint, Plaintiff may not simply add allegations to his already existing complaint as he attempts to do here. Rather, he must submit a proposed amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint in piecemeal fashion. Once Plaintiff amends his complaint, the original complaint will be superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived those omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

2

[Id. at 2].

Ten days later, on July 31, 2017, Plaintiff filed a "MOTION FOR LEAVE[;] PROPOSED AMENDED COMPLAINT." [Id., Doc. 15]. In his proposed Amended Complaint, Plaintiff again named Mark Gage and Stephen Coon as Defendants and added Mike Lamb, identified as a sergeant with the APD, as a Defendant. [Id. at 3]. Defendants Coon and Lamb were represented by Asheville City Attorney, John Maddux, and Defendant Gage was represented by Assistant U.S. Attorney Gill Beck.

The Court granted Plaintiff's motion to amend his complaint and conducted its frivolity review of Plaintiff's Amended Complaint. [Id., Docs. 19, 20]. Plaintiff alleged that, on July 31, 2015, while Plaintiff was acting as a Confidential Informant for Defendants, he rode with them to identify several homes in which "extremely dangerous" crime suspect Cory Mapp resided in Asheville, North Carolina. [Id., Doc. 15 at 3]. Plaintiff further alleged that several hours later, he placed recorded phone calls to Mapp at the Defendants' behest, through which Defendants obtained "some crucial evidence" that was sufficient to place Mapp in jail. [Id.]. Plaintiff alleged that on September 11, 2015, he met with Defendants Gage and Coon to explain that Plaintiff had heard from another inmate that Mapp's cousin, who works at the Detention Facility, "is saying [Plaintiff] is a snitch." [Id. at 4]. Plaintiff

3

alleged that, on March 20, 2016, he was "brutally assaulted" and that Defendants' failure to protect Plaintiff from this unnecessary risk of harm violated Plaintiff's rights under the Eighth Amendment. [Id.]. On February 27, 2018, the Court allowed Plaintiff's Eighth Amendment claim against these three Defendants to proceed.[1] [Id., Doc. 20].

Eventually, Plaintiff's claims against Defendant Gage were dismissed [Id., Doc. 106] and Plaintiff voluntarily dismissed his claims against Defendant Lamb [Id., Docs. 154, 167]. The matter was set to proceed to trial and Attorney David Burgess filed a notice of appearance on Plaintiff's behalf. [Id., Doc. 174]. On March 9, 2020, however, Plaintiff's claims against Defendant Coon, the last remaining Defendant, were dismissed for lack of subject matter jurisdiction. [Id., Doc. 197].

On July 30, 2020, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, naming Gill Beck, David Burgess, and John Maddux, the attorneys representing the parties in Plaintiff's dismissed § 1983 action, as Defendants. [Doc. 1 at 2-3]. Plaintiff purports to state claims under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on an alleged violation of his

---

[1] The day before, the Fourth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because the Order from which he appealed was not a final order. [Doc. 18].

Fourteenth Amendment due process rights. [Id. at 3]. Plaintiff alleges that Defendant Beck "was acting under color of federal law when he represented a federal ATF agent as a defendant in [Plaintiff's] law suit under false pretences [*sic*] that was based on an unexisting [*sic*] – amended complaint in case 1:17-cv-50-FDW.[2]" [Id. at 4]. Plaintiff further alleges as follows:

> U.S. Asst. Attorney Gill P. Beck had falsified legal documents to support U.S. District Court Judge Frank D. Whitney's falsified 02/27/2018 Orders. document 19 motion for leave to file an amended complaint and doc #20 passing initial review on an unexisting amended complaint alleging plaintiff filed these illegal documents. In particular Mr. Beck had filed defendant Mark S. Gage's motion to dismiss, document 45 filed 07/09/18. I did not find out about the district court's identified deficiencies until 03/03/18 when received the U.S. 4th Cir. Court of Appeals 02/26/18 decision w/ pur curiam Everything must go through the Appeals court during the appeal process. The court alleging 07/31/17 is false information/produce these unexisting motions!

[Id. at 4 (errors uncorrected)]. Plaintiff further alleges that "[t]hese falsified legal documents had totally derailed [his] civil complaint, case 1:17-cv-50-FDW … changing [his] factual claim of causation occurring on 9/11/15 to protection 3/20/16." [Id. at 6]. Plaintiff does not make any allegations particular too Defendants Maddux or Burgess.

---

[2] This matter was previously assigned to then Chief United States District Judge Frank D. Whitney.

5

For injuries, Plaintiff claims that "this falsifying legal documents has caused a tremendous stress upon [his] psychological state of mind." [Id.]. Plaintiff claims that "his inner organs were burnt up from Toxic Lithium," his toes are "completely numb," and "[his] body is pretty much ruined." [Id.]. Plaintiff does not state what relief he seeks but does request a jury trial. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). A Bivens action, on the other hand, is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983.

Plaintiff's claims fail initial review for several reasons. First, Plaintiff makes no allegations against Defendant Maddux or Burgess and has thus failed to state a claim against them under Bivens, § 1983, or otherwise. Thus, Plaintiff's Complaint against them fails initial review and the claims against them will be dismissed.

7

Second, Defendants Burgess was not a federal or state actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983); but see Simmons v. Justice, 87 F.Supp.2d 524, 534 (W.D.N.C. Feb. 25, 2000) (holding that attorney who was allegedly employed by the city could be capable of acting under color of state law for purposes of a § 1983 claim). As such, in addition to Plaintiff not stating a claim against Defendant Burgess, he is also not subject to suit under Bivens or § 1983 and is also subject to dismissal on this ground too.

Third, as to Defendant Beck, an Assistant U.S. Attorney, he is not a state actor and, thus, not subject to liability under § 1983.

Finally, Plaintiff's allegations are frivolous and fail to state a claim upon which relief may be granted against any Defendant in any event. Plaintiff's entire Complaint is premised on his wholly misguided belief that the Amended Complaint in Civil Case No. 1:17-cv-50 was "unexisting" and that the Court's Order allowing it to proceed past initial review constituted "false

pretences [*sic*]" changing the nature of Plaintiff's claim, thereby "derail[ing]" Plaintiff's Complaint. The record in Case No. 1:17-cv-50 clearly undermines Plaintiff's fantastical allegations. In that case, ten (10) days after Plaintiff was advised that he could file a motion to amend and a proposed amended complaint, he did so. [Civil Case No. 1:17-cv-50, Docs. 12, 15]. The Court granted Plaintiff's motion to amend and conducted its frivolity review of Plaintiff's Amended Complaint, allowing Plaintiff's claims to proceed as noted above. [Id., Docs. 19, 20]. Ultimately, after nearly three years of litigation, Plaintiff's claims in that matter were dismissed. Although Plaintiff does not explicitly allege that he did not file Docket No. 15, it seems his allegations are based on that premise. There is no doubt, however, that Plaintiff handwrote and filed this document. It is written in the same handwriting as all other documents Plaintiff has filed with the Court in the instant and other proceedings. It is signed by the Plaintiff. It was transmitted in an envelope addressed in Plaintiff's handwriting and bearing Plaintiff's return address of record. [Id., Doc. 15-2]. And, moreover, it alleges many of the same facts as Plaintiff's original Complaint. As such, there is simply no reason to believe anyone other than the Plaintiff filed this document. Furthermore, Plaintiff's belief that the Court's initial review Order recharacterized Plaintiff's claims is, again, without support. Plaintiff failed to state any claim in his original

9

Complaint, and it was dismissed without prejudice. [See Docs. 1, 3]. Although each Defendant named in Plaintiff's Amended Complaint was, in fact, eventually dismissed for different reasons, the record clearly shows no impropriety.

The Court, therefore, concludes that Plaintiff's Complaint is frivolous and fails to state a claim against any Defendant. The Court will dismiss Plaintiff's Complaint with prejudice because amendment would be futile.

The Court will deny Plaintiff's motion for counsel [Doc. 6], motion to transfer [Doc. 7], and motion for copies [Doc. 9] as moot.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is frivolous, and Plaintiff has failed to state a claim upon which relief can be granted against any Defendant. The Court will also deny Plaintiff's other motions as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e) for the reasons stated in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel [Doc. 6], motion to transfer [Doc. 7], and motion for copies [Doc. 9] are **DENIED** as moot.

**IT IS SO ORDERED**.

Signed: November 3, 2020

Martin Reidinger
Chief United States District Judge